IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH AYRES,<br><br>    Plaintiff,<br><br>  v.<br><br>MAFCO WORLDWIDE, LLC<br><br>    Defendant. | Civil No. 18-12071 (RBK/AMD) |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is an application by Plaintiff Joseph Ayres (hereinafter, "Plaintiff") to compel the deposition of Thomas M. Molchan, Senior Vice President and General Counsel for Defendant MAFCO Worldwide, LLC (hereinafter, "Defendant"). Plaintiff asserts that Mr. Molchan provided a certification in support of Defendant's responses to Plaintiff's interrogatories, and accordingly, he is subject to a deposition.[1] Defendant objects to the deposition and asserts that Mr. Molchan is not identified by Defendant as an individual who has information about the claims or defenses of Defendant, and that he served as

---

[1] As an alternative to the deposition, Plaintiff requests that "Defendant [] produce a supplemental certification from an individual permitted by [Federal Rule of Civil Procedure] 33 other than Mr. Molchan." (*See* Pl.'s Ltr. [D.I. 16], Jan. 25, 2019, p. 1.)

Defendant's corporate agent for the "sole purpose of providing a certification" in support of Defendant's responses to Plaintiff's interrogatories pursuant to Federal Rule of Civil Procedure 33(b)(1)(B). (Def.'s Ltr. [D.I. 18], Jan. 29, 2019, p. 1.) The Court conducted a telephone conference with counsel on the record on February 15, 2019 to address the dispute, and the Court issued an oral opinion at that time. All parties consented to the Court's ruling on the issue on February 15, 2019. This Memorandum Opinion memorializes and supplements the oral opinion issued on February 15, 2019. For the reasons that follow, Plaintiff's application is denied.

> Federal Rule of Civil Procedure 33(b)(1)(B) provides:
>
> (b) Answers and Objections.
> (1) Responding Party. The interrogatories must be answered . . . (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party.

FED. R. CIV. P. 33(b)(1)(B). A corporate agent may certify the answers without personal knowledge. *See*, *e.g.*, *U.S. v. 42 Jars, More or Less, Bee Royale Capsules*, 264 F.2d 666, 670 (3d Cir. 1959) ("[T]he agent who answers on behalf of the corporation does not need to have personal knowledge."); *Katiroll Co., Inc. v. Kati Roll & Platters Inc.*, No. 10-3620, 2014 WL 12634921, at *6 (D.N.J. Apr. 8, 2014) (noting that "[c]ase law . . . makes clear that the officer or agent responding on behalf of the corporation 'does not

2

need to have personal knowledge'" (citing *42 Jars, More or Less, Bee Royale Capsules,* 264 F.2d at 670)).

Plaintiff acknowledges that a corporate agent, including an attorney, may certify answers to interrogatories served upon the corporation, but asserts that if the agent has done so, the agent is subject to a deposition. Plaintiff further asserts that without Mr. Molchan's deposition, Plaintiff is placed in a situation of being unable to bind Defendant to the interrogatory responses and utilize the responses at trial. (Pl.'s Ltr. [D.I. 16], p. 2.) Plaintiff relies upon *Jordan v. Ensco Offshore Co.*, No. 15-1226, 2016 WL 3049565 (E.D. La. May 22, 2016) to support his position. In *Jordan*, the court stated that "[i]f interrogatory responses are not signed by the party but only by the party's attorney, the responses are unsworn, unverified, and amount only to statements of counsel. Such interrogatory responses are not admissible evidence at trial." *Id.* at *8. However, Plaintiff's argument conflates interrogatories signed by a party's attorney and interrogatories signed by general counsel as a corporate agent. In *Jordan*, the plaintiff, an individual, did not sign the interrogatories; rather, his attorney did, and when the defendant listed the responses to the interrogatories as trial exhibits, plaintiff objected. *Id.* at *1, 8. The district court sustained the objection to the exhibits because the responses were unsworn and unverified as to plaintiff and were deemed by the court as only

3

statements of counsel. *Id.* The case is inapposite to the issue before the Court. The plaintiff in *Jordan* was an individual, and the issue of a corporate agent's certification of a corporation's answers to interrogatories was not addressed in the case.

Here, Mr. Molchan is not the attorney of record in the case. Rather, he is general counsel for Defendant and has signed the interrogatories as a corporate agent pursuant to Federal Rule of Civil Procedure 33(b)(1)(B). Defendant MAFCO Worldwide, LLC is bound by the answers. *See Merriweather v. United Parcel Service, Inc.*, No. 17-349, 2018 WL 3572527, at *3 (W.D. Ky. July 25, 2018) ("[T]he corporation is responsible for the answers and will be bound by the answers."); 8B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2172, p. 57 (3d ed. 2008) ("If the corporation designates someone to answer interrogatories for it, that person is its agent for that purpose, and the answers he or she gives are clearly usable against the corporation as representative admissions."). Plaintiff does not need to depose Mr. Molchan to bind the Defendant to the interrogatory answers. Consequently, Plaintiff's articulated basis for deposing Mr. Molchan is not sufficient, and in light of defense counsel's representation that Mr. Molchan has no personal knowledge or information concerning the matter, there has been no other basis submitted to warrant Mr. Molchan's deposition. Nor is Defendant required to provide a supplemental certification to the interrogatory answers. Rather,

4

if Plaintiff wishes to inquire by deposition about the answers, Plaintiff can serve a 30(b)(6) notice consistent with the Federal Rules of Civil Procedure. Defendant can then designate a witness or witnesses to address the topics set forth in the Rule 30(b)(6) notice.[2]

Consequently, as forth herein, and for good cause shown:

IT IS on this 28th day of February 2019,

**ORDERED** that Plaintiff's application [D.I. 16] to compel the deposition of Mr. Molchan, or in the alternative, a supplemental certification from a corporate agent other than Mr. Molchan shall be, and is hereby, **DENIED.**

                                   s/ Ann Marie Donio
                                   ANN MARIE DONIO
                                   UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Robert B. Kugler

---

[2] Any dispute concerning a 30(b)(6) notice should be addressed to the Court by way of Local Civil Rule 37.1 after the parties meet and confer in good faith.